DISTRICT COURT, BOULDER COUNTY, STATE OF
COLORADO

Boulder Justice Center
1777 6th Street
Boulder, Colorado 80302

Plaintiff: DIANA MONTOYA

v.

Defendant(s): THE TRAVELERS INSURANCE
COMPANY a/k/a ST. PAUL TRAVELERS

▲ COURT USE ONLY ▲

| Attorneys for Plaintiff: | |
|---|---|
| Name: Brian A. Murphy, #30918<br>Lee A. Berish, #34170<br>Brian A. Murphy & Associates, LLC<br>Address: 1525 Josephine Street<br>Denver, CO 80206<br>Phone Number: (303) 316-0813<br>Fax Number: (303) 320-0827 | Case Number: 06CV791<br><br>Division:      Courtroom: |

## DISTRICT COURT CIVIL (CV) CASE COVER SHEET
## FOR INITIAL PLEADING OF COMPLAINT

COMES NOW PLAINTIFF, Diana Montoya, by and through her attorneys, Brian A.
Murphy and Lee A. Berish, and submits this Cover Sheet and states as follows:

1.  Simplified Procedure under C.R.C.P. 16.1. **does not apply** to this case because
    this party is seeking a monetary judgment for more than $100,000.00 against
    another party, including any attorney fees, penalties or punitive damages, but
    excluding interest and costs (see C.R.C.P. 16.1(c)).

2.  This party makes a **Jury Demand** at this time and pays the requisite fee.

Dated this 3rd day of August, 2006.

Respectfully submitted:

/s/ Lee A. Berish

Lee A. Berish   #34170

EXHIBIT
B
tabbies

*Only signed original on file at Brian A. Murphy & Associates, LLC*

ATTORNEYS FOR PLAINTIFF
DIANA MONTOYA

-2-

DISTRICT COURT. BOULDER COUNTY. STATE OF
COLORADO

Boulder Justice Center
1777 6th Street
Boulder, Colorado 80302

Plaintiff: DIANA MONTOYA

v.

Defendant(s): THE TRAVELERS INSURANCE
COMPANY a/k/a ST. PAUL TRAVELERS

▲ COURT USE ONLY ▲

Attorneys for Plaintiff:
Name:     Brian A. Murphy. #30918
             Lee A. Berish. #34170
Address:  1525 Josephine Street
             Denver, CO 80206
Phone Number: (303) 316-0813
Fax Number:    (303) 320-0827

Case Number: 06CV791

Division:      Courtroom:

## COMPLAINT AND JURY DEMAND

COMES NOW PLAINTIFF, Diana Montoya. by and through her attorneys, Brian A.
Murphy & Associates. LLC. and Complains against the above named Defendant as follows:

## PARTIES AND JURISDICTION

1.      The Plaintiff is a citizen and domicile of the State of Colorado.

2.      Based on information and belief, the Defendant. The Travelers Insurance
Company a/k/a St. Paul Travelers (hereinafter Travelers). is a Connecticut corporation with its
principal place of business in Hartford. CT.

3.      The relevant actions described herein occurred in the State of Colorado.

4.      Jurisdiction and Venue are proper in this Court.

## GENERAL ALLEGATIONS

5.      On or about July 31, 2002 Meri Wilmot was negligent in the operation of her

motor vehicle and as a direct and proximate result thereof did cause the subject collision and injuries, damages and losses as set forth herein.

6.      On or about July 31, 2002, Diana Montoya was driving an automobile in Grand Junction, Colorado.

7.      Based on information and belief, G & G Paving owned the vehicle Ms. Montoya was driving and she had permission to drive the vehicle at the time.

8.      On or about July 31, 2002, Meri Wilmot was driving an automobile in Grand Junction, Colorado

9.      Ms. Montoya was legally turning west onto Main Street from 1st Street while driving an automobile and exercising her right of way.

10.      Based on information and belief, Ms. Wilmot was heading south on 1st Street while driving an automobile.

11.      Based on information and belief, Ms. Wilmot ran a red light and hit Ms. Montoya while both parties were driving automobiles.

12.      Ms. Montoya was, at all relevant times, an employee of G&G Paving Construction Company.

13.      Based on information and belief, the vehicle Ms. Montoya was driving was insured by Travelers.

14.      Ms. Montoya was, at all relevant times, a covered person with Under Insured Motorist Liability Coverage of $500,000.00.

15.      Ms. Montoya requested a copy of the under-insured motorist policy on numerous occasion between January 18, 2005 and September 7, 2005.

16.      Travelers did not provide Ms. Montoya with a copy of the policy.

17.      On November 1, 2004 Ms. Montoya filed a lawsuit against Meri Wilmot in Mesa Count District Court, Colorado with claims for Negligence and Negligence Per Se.

19.     Employees of Travelers represented to Ms. Montoya that she had a valid Under Insured Motorist (hereinafter UIM) claim pursuant to the policy with G & G Paving.

20.     Employees of Travelers communicated to Ms. Montoya that she needed permission from Travelers to settle her claims with Meri Wilmot, before she could file a claim for under-insured motorist benefits.

21.     On August 25, 2005 Julie Bohlen, claim representative for Travelers, authorized Ms. Montoya to settle her claims with Meri Wilmot for $25,000.00.

22.     Based on information and belief, Travelers was in possession of Ms. Montoya's medical records on August 25, 2005.

23.     In her letter dated August 25, 2005 Julie Bohlen stated, "[p]er our investigation, we have found that the at fault party (Meri Wilmot) did not have sufficient assets to pursue subrogation efforts.  You have our permission to settle with the at fault party carrier."

24.     Travelers agreed that Meri Wilmot was the only at fault party in the subject accident.

25.     Based on information and belief, Julie Bohlen was in possession of the depositions taken of each driver of the automobiles involved in the July 31, 2002 accident when she stated that Meri Wilmot was the at fault party in her August 25, 2005 letter.

26.     Based on information and belief, Julie Bohlen was in possession of the depositions taken of two witnesses to the July 31, 2002 accident when she stated that Meri Wilmot was the at fault party in her August 25, 2005 letter.

27.     Ms. Montoya relied on the representations made by Julie Bohlen and Travelers when she settled her claims against Meri Wilmot, the at fault party, and waived her right to have a jury award the full monetary value of her claims.

28.     In his letter dated September 7, 2005, Brian A. Murphy & Associates, LLC submitted a demanded for $470,000.00, the full remaining value of the UIM coverage.

29.     In his letter dated September 7, 2005, Brian A. Murphy & Associates, LLC stated that economic damages were in the neighborhood of $500,000.00 for life-long lost income.

31.     In his letter dated September 7, 2005 Brian A. Murphy & Associates, LLC stated that the damages for physical impairment and disfigurement exceeded $1,000,000.00.

32.     In his letter dated December 15, 2005, Rick Ausburger, Senior Claim Representative for Travelers, stated without any evidentiary support, "that this accident could have been avoided if your client had given proper lookout."

33.     Meri Wilmot never alleged this defense in the underlying negligence action.

34.     In its letter dated December 15, 2005 Travelers represented that Ms. Montoya was at fault, not Ms. Wilmot.

35.     In a letter dated December 15, 2005, Mr. Ausburger offered Ms. Montoya $5,000.00 to settle her UIM claim.

36.     In a letter dated December 15, 2005 Ms. Montoya declined Travelers' offer to settle for $5,000.00.

37.     Mr. Ausburger was in possession of the depositions taken of each driver of the automobiles involved in or near the July 31, 2002 accident when he made the decision to offer $5,000.00 to settle Ms. Montoya's UIM claim.

38.     Mr. Ausburger was in possession of the depositions taken of two witnesses to the July 31, 2002 accident when he made the decision to offer $5,000.00 to settle Ms. Montoya's UIM claim.

39.     Travelers has never disputed that the value of Ms. Montoya's damages from the collision are in excess of $2,000,000.00.

40.     Based on information and belief, Travelers intentionally misrepresented that it beleived Ms. Wilmot was the at fault party to induce Ms. Montoya to settle her claims against Ms. Wilmot before a jury established damages in excess of $500,000.00.

41.     Had Ms. Montoya proceeded to trial against Ms. Wilmot and won a verdict in excess of $500,000.00, Travelers would have had no option but to pay Ms. Montoya its policy limits.

43.     Travelers fraudulently induced Ms. Montoya to settle with Ms. Wilmot and avoid trial by leading Ms. Montoya to believe that she would soon receive a $470,000.00 payment of under-insured motorist benefits from Travelers.

44.     After Ms. Montoya released all claims against Ms. Wilmot based on Travelers' representations, Travelers changed its position and fraudulently asserted for the first time that Ms. Montoya was the at fault party.

45.     Based on this fraudulent scheme, Travelers attempted to induce Ms. Montoya to accept $5,000.00 instead of the $470,000.00 she was due under the under-insured motorist policy.

46.     All of the above actions relevant to the claims alleged herein occurred in the State of Colorado.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

47.     Plaintiff incorporates any and all prior allegations herein.

48.     The Defendant entered into a contract with G & G Paving, based upon adequate consideration, to provide Under Insured Motorist Coverage in the amount of $500,000.00 to covered persons.

49.     Plaintiff is a properly insured beneficiary of the contract.

50.     The Plaintiff and G & G Paving performed their obligations under the contract.

51.     Based on information and belief, all premiums were properly paid.

52.     Although Plaintiff was injured in an automobile accident and the at-fault party was under-insured, Defendant failed to pay benefit due Ms. Montoya under the contract.

53.     Defendant breached its duties under the contract.

54.     Defendant's breach caused Plaintiff damages.

56.     The Plaintiff had injuries, damages and losses as a result of Defendant's bad faith breach of its insurance contract.

57.     The Defendant acted unreasonably in denying Plaintiff's claim for benefits in the amount of $470,000.00.

58.     The defendant knew that its conduct and position was unreasonable and would cause Plaintiff injuries, damages and losses.

59.     The Defendant recklessly disregarded the fact that its conduct and position was unreasonable.

60.     The Defendant's unreasonable position was a cause of Plaintiff's damages and losses.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICE

61.     Plaintiff incorporates any and all prior allegations herein.

62.     Based on information and belief, Defendant engaged in an unfair or deceptive trade practice.

63.     Based on information and belief, the challenged practice occurred in the course of Defendant's business, vocation, or occupation.

64.     Based on information and belief, the challenged practice significantly impacts the public as actual or potential consumers of the Defendant's goods, services, or property.

65.     Based on information and belief, Defendant knowingly made false representations as to the benefits of services provided under an Automobile Insurance Policy.

66.     Based on information and belief, Defendant represented that services of a particular standard, quality, or grade.

67.     Based on information and belief, Defendant knew that the standard quality or grade of the services were of another.

69.     Defendant violated provisions of C.R.S. § 6-1-105.

70.     The Plaintiff suffered injury in fact to a legally protected interest.

71.     The challenged practice caused the Plaintiff's injury.

72.     As a result of Defendant's violations of the Colorado Consumer Protection Act, Plaintiff has suffered past and future damages including economic and noneconomic damages, attorney fees and costs.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

73.     Plaintiff incorporates any and all prior allegations herein.

74.     The Defendant gave false information to the Plaintiff.

75.     The Defendant gave such information to the Plaintiff in the course of Defendant's administration of an under-insured motorist claim.

76.     The Defendant gave the information to the Plaintiff for the guidance and use of the Plaintiff in a business transaction.

77.     The Defendant was negligent in communicating or obtaining the information.

78.     The Defendant gave the information with the intent or knowing that the Plaintiff would act in reliance on the information.

79.     The Plaintiff reasonably relied on the information supplied by the Defendant.

80.     Plaintiff's reasonable reliance on the information supplied by the Defendant caused damage to the Plaintiff.

## FIFTH CAUSE OF ACTION
## FRAUD

81.     Plaintiff incorporates any and all prior allegations herein.

84.     The representations made by Defendant were material

85.     The Defendant had knowledge of the falsity or acted with ignorance of its truth or falsity.

86.     The Defendant intended the Plaintiff to act upon the false representations.

87.     The Defendants false representation caused Plaintiff damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgement be entered in favor of the Plaintiff and against the Defendant, in an amount to fairly compensate her for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper including the following:

A.     Award the Plaintiff damages for an amount which will reasonably compensate the plaintiff for amount due and owing pursuant to the contract of insurance: past, present and future economic loss; past and future noneconomic damages; past and future, pain and suffering and emotional distress.

B.     Grant Plaintiff such other and further relief as this Court deems necessary and proper, including costs and attorney's fees and other damages provided for under the Colorado Consumer Protection Act..

## JURY DEMAND

Plaintiff demands trial by Jury.

DATED this 3rd day of August, 2006.

Respectfully submitted:

Lee A. Berish    #34170

DIANA MONTOYA

Plaintiff's Address:

Diana Montoya
477 28 1/2 Road
Grand Junction, CO 81501

Page: 1 Document Name: untitled

```
PCS SCR    , ATF9058 , G & ,                                    * 08/11/06 *
  RFO: 042 JCV       SYSTEM CLAIM RECORD(HEADER)         '       G & G PAVING CONST
  RFO:                   08/11/06    15:30                       PP ATF9058 T

                                                                PG 01 *****

INS NAME:  G & G PAVING CONSTRUCTION CO.
INS ADDR:  409 CHULJOTA
           GRAND JUNCTION                  CO 81501
POLICY ID:  IE810   -855H5210
POLICY PERIOD: 07/13/02 TO 07/13/03
ENTITY NUMBER: VO19
CAT CODE:          CAUSE OF LOSS CODE:                FILE MGMT:
ACCT BANK CODE: J99      MARKET IND: 25  CL SBU
DATE OF LOSS:      07/31/02    COMPANY: TRAVELERS INDEMNITY CO OF CONN
COVERAGE TRIGGER DATE:  /  /       DATE OCCURRENCE REPORTED:    /  /
                                   DATE NOTICE-RECEIVED: 08/01/02

FILE STATUS: CLOSED        04/26/06



NEXT CLAIM:              NEXT CLAIMANT:           NEXT ACTIVITY:
```



UNITED STATES POSTAGE

$ 05.12⁰
AUG 07, 2006

02 1A
0004365162
MAILED FROM ZIP CODE 80216

CERTIFIED MAIL

S...
Department of Regulatory Agencies
Division of Insurance
1560 Broadway, Suite 850
Denver, Colorado 80202

360700260

THE TRAVELERS INSURANCE CO
ONE TOWER SQUARE
HARTFORD, CT 06183

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO <br><br> Boulder Justice Center <br> 1777 6th Street <br> Boulder, Colorado 80302 <br> **Plaintiff: DIANA MONTOYA** <br><br> v. <br><br> **Defendant(s): THE TRAVELERS INSURANCE COMPANY a/k/a ST. PAUL TRAVELERS** | |
| | **▲ COURT USE ONLY ▲** |
| Attorneys for Plaintiff: <br> Name:    Brian A. Murphy, #30918 <br>          Lee A. Berish, #34170 <br>          Brian A. Murphy & Associates, LLC <br> Address:   1525 Josephine Street <br>           Denver, CO 80206 <br> Phone Number: (303) 316-0813 <br> Fax Number:    (303) 320-0827 | Case Number: 06CV791 <br><br> Division:      Courtroom: |
| **SUMMONS** | |

### THE PEOPLE OF THE STATE OF COLORADO
### TO THE DEFENDANTS(S) NAMED ABOVE:

You are summoned and required to file with the clerk of this court an answer or other response to the attached complaint within twenty (20) days after this summons is served on you in the State of Colorado.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice to you.

The following documents are also serviced with this Summons: **COMPLAINT AND JURY DEMAND, DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT.**

Dated this 3rd day of August, 2006.

Respectfully submitted:

For A. Berish   #34170

*With signed original on file at Brian J. Murphy & A.*

ATTORNEYS FOR PLAINTIFF
DIANA MONTOYA

5163

# STATE OF COLORADO

**DEPARTMENT OF REGULATORY AGENCIES**
Tambor Williams
Executive Director

**DIVISION OF INSURANCE**
David F. Rivera
Commissioner of Insurance
1560 Broadway, Suite 850
Denver, CO 80202



Bill Owens
Governor

August 7, 2006

CORPORATE LITIGATION
HARTFORD

**The Travelers Insurance Co**
**One Tower Square**
**Hartford, CT  06183**

AUG 1 1 2006

RECEIVED PM

Attention:  Secretary Officer of Company

**Re: Diana Montoya v. The Travelers Insurance Co**

As provided by § 10-3-107, Colorado Revised Statutes, on **August 04, 2006** service was made upon the Commissioner of Insurance as your registered agent for the above referenced matter.

Enclosed is your copy of the documents, which were served in the above-entitled cause of action

Sincerely,
David F. Rivera

Commissioner of Insurance
By:

Lisa Serafini
Program Assistant I

ATF9058

Enc.

cc:

**The Corporation Company**
**1675 Broadway, Ste 1200**
**Denver, CO  80202**