UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01735-RPM-MJW

DIANA MONTOYA,

Plaintiff,

vs.

THE TRAVELERS INSURANCE COMPANY a/k/a ST. PAUL TRAVELERS,

Defendant.

_____

### TRAVELERS'S ANSWER, DEFENSES AND JURY DEMAND
_____

Defendant, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, incorrectly named as The Travelers Insurance Company a/k/a St. Paul Travelers ("Travelers"), by and through its attorney, DAVID B. GELMAN and JENNIFER C. MADSEN of KENNEDY CHILDS & FOGG, P.C., submits its Answer, Defenses and Jury Demand, and states:

### RESPONSE TO PARTIES AND JURISDICTION

1. Defendant lacks sufficient information to admit or deny the allegations contained in ¶ 1 and, therefore, denies same.

2. As to ¶ 2,  Plaintiff incorrectly named The Travelers Insurance Company a/k/a St. Paul Travelers.  The correct name is The Travelers Indemnity Company of Connecticut.  The Travelers Indemnity Company of Connecticut is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3. Defendant Travelers lacks sufficient information to form a belief as to the truth of the allegations in ¶ 3 and therefore denies the same.

4. Defendant Travelers admits that jurisdiction and venue are proper in the United States District Court District of Colorado. Defendant Travelers removed this case from state court to this district court. Defendant Travelers denies the remaining allegations in ¶ 4.

**RESPONSE TO GENERAL ALLEGATIONS**

5. Travelers admits the following on information and belief in light of information from police reports and from information provided by Ms. Montoya. Ms. Montoya and Meri Wilmot were driving cars in Grand Junction, Colorado on July 31, 2002. An accident occurred at the intersection of 1st and Main. Ms. Montoya reports that she was working at G&G Paving Construction at the time of the accident, but was not working at the time of the accident. Rather, Ms. Montoya reports that she was driving to the courthouse in Grand Junction to pay a fine entered against her by the court following a guilty plea in a criminal matter involving the possession of drug paraphernalia. Ms. Montoya received a citation from the police as a result of the accident for failing to yield to an oncoming vehicle and, on information, admitted to failing to yield in paying the ticket without contest. Ms. Montoya filed an action in the Mesa County District Court against Ms. Wilmot, said action speaks for itself. Ms. Montoya notified Travelers of the lawsuit on or about January 18, 2005. Travelers agreed that Ms. Montoya could settle the lawsuit against Ms. Wilmot. Travelers denies the remaining allegations contained in ¶¶ 6, 8, 10, 12, 17-18, 21 to the extent inconsistent either affirmatively or based on lack of information.

6. Travelers denies the allegations contained in ¶¶ 5, 7, 9, 11, 12, 15, 16, 19, 20, 22, 24-31, 33, 37-46, either affirmatively or based on a lack of information.

7. As to ¶¶ 13-14, Travelers admits and affirmatively avers that it issued Policy # I-810-855H521-0-TCT-02 to G&G Paving Construction Co., which policy speaks for itself. Travelers admits the averments of this paragraph insofar as they are consistent with this policy

and denies them insofar as they are inconsistent with these documents.

8.      As to ¶ 23, the letter dated August 25, 2005 from Julie Bohlen to Lee Barish speaks for itself and no further response is required.

9.      As to ¶¶ 32, 34-35, the letter dated December 15, 2005 from Rick Ausburger speaks for itself and no further response is required.

10.     As to ¶ 36, the letter dated December 15, 2005 from Brian A. Murphy & Associates, LLC speaks for itself and no further response is required.

## RESPONSE TO BREACH OF CONTRACT

11.     As to ¶ 47, Defendant Travelers incorporates its responses to all prior responses as set forth herein.

12.     As to ¶¶ 48-49, Travelers admits and affirmatively avers that it issued Policy # I-810-855H521-0-TCT-02 to G&G Paving Construction Co., which policy speaks for itself. Travelers admits the averments of this paragraph insofar as they are consistent with this policy and denies them insofar as they are inconsistent with these documents.

13.     Defendant Travelers is without sufficient information to form a belief as to the allegations in ¶¶ 50-51 and therefore denies the same.

14.     As to ¶¶ 52-54, Defendant Travelers acknowledges all duties at law and under its insurance policy. Defendant Travelers denies that it has not fulfilled those duties.

## RESPONSE TO BAD FAITH BREACH OF CONTRACT

15.     As to ¶ 55, Defendant Travelers incorporates its responses to all prior responses as set forth herein.

16.     Defendant Travelers denies the allegations in ¶¶ 56-60.

## RESPONSE TO DECEPTIVE TRADE PRACTICE

17. Defendant Travelers makes no response to the remaining allegations contained in plaintiff's Third Claim for Relief, but instead incorporates its arguments set forth in its Motion to Dismiss filed contemporaneous with the filing of this Answer, Defenses and Jury Demand. To the extent that a further response is required, Travelers denies the allegations in ¶¶ 61-72.

### RESPONSE TO NEGLIGENT MISREPRESENTATION

18. As to ¶ 73, Defendant Travelers incorporates its responses to all prior responses as set forth herein.

19. Defendant Travelers denies the allegations in ¶¶ 74-80.

### RESPONSE TO FRAUD

20. As to ¶ 81, Defendant Travelers incorporates its responses to all prior responses as set forth herein.

21. Defendant Travelers denies the allegations in ¶¶ 82-87.

22. Defendant Travelers denies all averments not specifically admitted.

### DEFENSES

23. Failure to State a Claim: Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

24. Failure to Plead with Specificity: Plaintiff fails to plead her claims for violation of the Colorado Consumer Protection Act and fraud with specificity as required by Colorado and federal law.

25. Good Faith: Defendant acted in good faith in handling plaintiff's claim.

26. Conduct of Others: Plaintiff's damages may have been caused by acts or omissions of others over whom this Defendant had no control nor right of control including Plaintiff and/or others. Recovery by Plaintiff, if any, is limited to damages flowing solely from

the conduct of this Defendant under C.R.S. § 13-21-111.5.  Defendant reserves the right to designate non-parties under C.R.S. § 13-21-111.5 (3)(b) and to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-102, et seq.

27.   Failure to Mitigate Damages:  Plaintiff may have failed to mitigate her damages, if any, as required by law.

28.   Damage Limitations:  Plaintiff's damages and this Defendant's liability, if any, must be determined in accordance with C.R.S. §§ 13-21-102.5(3)(a), (c), 13-21-111, 13-21-111.5, 13-21-111.6, 13-50.5-102 and all other applicable statutes.

29.   Comparative Fault:  Upon information and belief, Plaintiff may have been comparatively negligent or at fault, which bars or proportionately reduces Plaintiff's recovery in this case, if any.

30.   Reservation:  Defendant reserves the right to add or withdraw additional defenses as appropriate upon discovery of additional information.

**DEFENDANT  DEMAND THAT ALL ISSUES HEREIN BE TRIED**

**BY A JURY OF SIX (6) PERSONS**

DATED this 13th day of September, 2006.

        Respectfully submitted,

        KENNEDY CHILDS & FOGG, P.C.

        /s/ David B. Gelman

        _____
        David B. Gelman
        Jennifer C. Madsen
        1050 Seventeenth Street, #2500
        Denver, Colorado 80265-2080
        Office: (303) 825-2700
        Fax:   (303) 825-0434
        Email: dgelman@kcfpc.com
                jmadsen@kcfpc.com

        *Attorneys for The Travelers Indemnity Company of Connecticut*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2006, a true and correct copy of the above and foregoing **TRAVELERS'S ANSWER, DEFENSES AND JURY DEMAND** was filed electronically using the ECF File & Serve system and served electronically or by mail to the following individuals:

Brian A. Murphy, Esq.
Lee A. Berish, Esq.
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206


        s/ Veronica Holter

        _____
        Veronica Holter, CLA