UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01735-RPM-MJW

DIANA MONTOYA,

Plaintiff,

vs.

THE TRAVELERS INSURANCE COMPANY a/k/a ST. PAUL TRAVELERS,

Defendant.

_____

**TRAVELERS'S MOTION TO DISMISS PLAINTIFF'S CCPA CLAIM**
_____

Defendant, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, incorrectly named as The Travelers Insurance Company a/k/a St. Paul Travelers ("Travelers"), by and through its attorney, DAVID B. GELMAN and JENNIFER C. MADSEN of KENNEDY CHILDS & FOGG, P.C., request that this Court enter an Order dismissing plaintiff's Third Claim for Relief under the Colorado Consumer Protection Act.  In support, Travelers states the following:

**I.   SUMMARY**

Plaintiff was involved in a car accident with another driver.  Plaintiff filed a lawsuit against the other driver to recover for injuries and damages suffered in the accident.  The other driver defended against the claims.  Plaintiff settled her claims against the other driver.

Now, plaintiff bring claims against Travelers for underinsured motorist coverage.  At the same time, plaintiff asserts a myriad of claims including bad faith breach of contract, violation of

the Colorado Consumer Protection Act (CCPA), negligent misrepresentation and fraud. Travelers moves to dismiss plaintiff's CCPA claim on the grounds that plaintiff's allegations fail to assert a claim under the CCPA as a matter of law.  Specifically, plaintiff's own assertions confirm that plaintiff has not alleged, nor can she support an allegation, that there exists a significant public impact; a requisite element of a CCPA claim.  Plaintiff's attempt to enforce an insurance agreement to demand uninsured motorist coverage is a matter of purely private concern which the CCPA does not address.  This Court should dismiss plaintiff's CCPA claim.

## II.     LAW ON MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a claim where the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In determining a motion to dismiss under Rule 12(b)(6), the court should review all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the non-movant.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).  In this case, plaintiff's allegations, even if true, amount to no more than a purely private wrong.

## III.    FACTS ALLEGED IN COMPLAINT

For purposes of the motion to dismiss, the following relevant facts are set forth in the Complaint.  Travelers accepts those facts as true solely for purposes of this motion.  *See Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1340 (Colo. 1988)(A party's admission of the absence of a factual dispute terminates upon the court's ruling on a motion for summary judgment).  A claim under the Colorado Consumer Protection Act sounds in fraud and, as such, plaintiff must comply with Fed.R.Civ.P. 9(b)'s requirement of pleading with particularity.

*Brooks v. Bank of Boulder*, 891 F.Supp. 1469, 1480 (D.Colo. 1995).

1. Plaintiff was involved in a car accident on July 31, 2002.  *Complaint*, ¶¶ 6, 11.

2. Plaintiff was an employee of G&G Paving Construction Company.  *Id.* at  ¶ 12.

3. Travelers insured G&G Paving Construction Company under Business Auto Coverage.  This policy included uninsured and underinsured motorist coverage.  *Id.* at  ¶¶ 13, 14.

4. Travelers insured plaintiff's vehicle.  *Id.* at  ¶ 13.

5. Employees of Travelers represented to plaintiff that she had a valid underinsured motorist claim.  *Id.* at  ¶ 19.

6. Employees of Travelers communicated to plaintiff that she needed permission from Travelers to settle her claims with the underinsured driver before she could file a claim for under-insured motorist benefits.  *Id.* at  ¶ 20.

7. Travelers communicated to plaintiff that based on investigation, it determined that the at-fault party did not have sufficient assets to pursue subrogation efforts.   Travelers gave plaintiff permission to settle for $25,000.  *Id.* at ¶¶ 21, 24.

8. Plaintiff settled her claim with the other driver.  *Id.* at  ¶ 27.

9. After plaintiff settled her case with the underinsured driver, a Travelers's claim representative told plaintiff that accident could have been avoided if plaintiff had given a proper lookout.  *Id.* at  ¶ 32.

10. Travelers induced plaintiff to settle with the underinsured driver before a jury determined damages in excess of $500,000.  *Id.* at  ¶ 40.

## IV. PLAINTIFF'S CCPA SHOULD BE DISMISSED BECAUSE SHE CANNOT ALLEGE, LET ALONE ESTABLISH, SIGNIFICANT PUBLIC IMPACT

To prove a claim for violation of the Colorado Consumer Protection Act (CCPA), C.R.S. § 16-1-101, *et seq.*, a plaintiff must show that: (1) that defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury. *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).

A CCPA claim should be dismissed for failure to allege that the deceptive trade practice significantly impacted the public. *Travelers Indem. Co. v. Hardwicke*, 339 F. Supp. 2d 1127, 1132-33 (D. Colo. 2004). Relevant considerations in determining whether a challenged practice significantly impacts the public within the context of a CCPA claim include:

(1) the number of consumers directly affected by the challenged practice;

(2) the relative sophistication and bargaining power of the consumers affected by the challenged practices; and

(3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003). The CCPA is not available to address a "purely private wrong." *Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998). If the alleged deceptive conduct occurs only in the context of a private agreement, then it does not significantly impact the public. *Martinez v. Lewis*, 969 P.2d at 222.

*See also Travelers Indem. Co. v. David Hardwicke*, 339 F. Supp. 2d at 1132 (Trial court granted motion to dismiss CCPA claim where evidence was that possibly three other consumers affected by alleged deceptive trade practice.).  Moreover, since CCPA claims must be plead with particularity, allegations as to a significant public impact must be plead with particularity. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 2004 U.S. Dist. LEXIS 27305 (D. Colo. June 28, 2004) (Where plaintiff alleged that a minimum of thousands of persons not yet determined were affected by the challenged practice, the court dismissed CCPA because plaintiff did not allege public impact with particularity.).

Here, plaintiff alleges that "Travelers fraudulently induced Ms. Montoya to settle with Ms. Wilmot and avoid trial by leading Ms. Montoya to believe that she would soon receive a $470,000.00 payment of under-insured motorist benefits from Travelers" *Complaint*, ¶43. Plaintiff alleges that "After Ms. Montoya released all claims against [the other driver] based on Travelers' representations, Travelers changed its position and fraudulently asserted for the first time that Ms. Montoya was the at fault party" and "attempted to induce Ms. Montoya to accept $5,000.00 instead of the $470,000 she was due under the under-insured motorist policy." *Id.* at ¶¶ 44, 45.  Based solely on this purely private wrong, plaintiff provides the bald, conclusory assertion that "the challenged practice significantly impacts the public as actual or potential consumers." *Id.* at ¶ 64.

The fact that Travelers is in the insurance business is not enough to prove, let alone allege, a CCPA claim.  Plaintiff must allege, with particularity, that a significant number of consumers **were affected** by **the challenged practice**.  *See Coors v. Sec. Life of Denver Ins. Co.*, 91 P.3d at 399.   Plaintiff does not specifically state what practice is claimed to have been

deceptive. Assuming, however, that the deceptive practice is based on an alleged misrepresentation by a Travelers employee concerning the value of plaintiff's damage claims, Complaint at ¶ 43, or an alleged misrepresentation concerning which driver was truly at fault in this particular accident, Complaint at ¶ 44, all such allegations on their face concern this and only this plaintiff and this accident. Plaintiff's Complaint is devoid of a single factual assertion supporting even the inference that any other consumer - let alone a substantial number of consumers - were affected by these alleged misrepresentations made between these two parties concerning the single car accident at issue.

Plaintiff's only allegation related to the public impact element of a CCPA claim is a general and conclusory allegation that an impact exists - nothing more. *See Complaint,* ¶ 64. Plaintiff has not plead the element of significant public impact with any particularity. Since plaintiff's allegations address a purely private wrong, this Court should dismiss the plaintiff's CCPA claim.

### V.    CONCLUSION

WHEREFORE, Defendant THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT respectfully requests that this Court enter an order dismissing Plaintiff's Colorado Consumer Protection Act claim, and for such other and further relief as this Court deems just and proper.

DATED this 13th day of September, 2006.

               Respectfully submitted,

               KENNEDY CHILDS & FOGG, P.C.

               *s/*

               _____
               David B. Gelman
               Jennifer C. Madsen
               1050 Seventeenth Street, #2500
               Denver, Colorado 80265-2080
               Office: (303) 825-2700
               Fax: (303) 825-0434
               Email: dgelman@kcfpc.com
                    jmadsen@kcfpc.com

               *Attorneys for The Travelers Indemnity Company of Connecticut*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2006, a true and correct copy of the above and foregoing **TRAVELERS'S MOTION TO DISMISS PLAINTIFF'S CCPA CLAIM** was filed electronically using the ECF File & Serve system and served electronically or by mail to the following individuals:

Brian A. Murphy, Esq.
Lee A. Berish, Esq.
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206

               *s/ Veronica Holter*

               _____
               Veronica Holter, CLA