# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01735-RPM-MJW

DIANA MONTOYA,

Plaintiff,

vs.

THE TRAVELERS INSURANCE COMPANY a/k/a ST. PAUL TRAVELERS,

Defendant.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of Conference:    October 20, 2006.

*For Plaintiff:*

> Lee Berish and Brian Murphy
> Brian A. Murphy & Associates, LLC
> 1525 Josephine Street
> Denver, Colorado 80206

*For Defendant Travelers Indemnity Company of Connecticut:*

> David B. Gelman
> Jennifer C. Madsen
> Kennedy Childs & Fogg, P.C.
> 1050 Seventeenth Street, Suite 2500
> Denver, Colorado 80265

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is

complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.      Plaintiff**

Plaintiff asserts the following claims: (1) Breach of Contract; (2) Bad Faith Breach of Insurance Contract; (3) Deceptive Trade Practice; (4) Negligent Misrepresentation; (5) Fraud. Plaintiff objects to the first two paragraphs of defendant's statements of claims and defenses and hereby reserves the right to contest the allegations.

**b.      Defendant**

Travelers Indemnity Company of Connecticut admits that on July 31, 2002, plaintiff and Meri Wilmot were involved in a car accident at the intersection of First Street and Main Street in Grand Junction, Colorado.  Plaintiff filed an action in Mesa County District Court, Colorado against Ms. Wilmot alleging that Ms. Wilmot's negligence caused the accident and plaintiff's damages.  In response, Ms. Wilmot claimed that Ms. Montoya was the negligent party and Ms. Wilmot did not cause Ms. Montoya's injuries damages or losses.  Ms. Montoya was issued a traffic ticket as a result of the accident, which Ms. Montoya did not contest.  Additionally, Ms. Wilmot, through her insurance carrier, asserted a claim for damages to her vehicle as a result of the accident to Travelers under the policy issued to G&G Paving Construction Company, plaintiff's former employer, policy number  I-810-855H521-0-TCT-02.  That policy speaks for itself.  That claim was submitted to intercompany binding arbitration which resulted in an award in favor of Ms. Wilmot and against Ms. Montoya on the determination that the latter was at fault in

2

the accident.  Ms. Montoya, through her counsel, were informed of this determination.

Ultimately, Ms. Wilmot made an offer to settle the claim brought by Ms. Montoya and Travelers

agreed that plaintiff could settle the lawsuit noting that its investigation suggested that Ms.

Wilmot did not have significant assets to attach in the event of an award.  After the settlement,

Ms. Montoya asserted a claim for the under insured motorist benefits under the policy.  Travelers

attempted to discuss and resolve that claim, but plaintiff, through counsel, refused to discuss the

matter and ultimately filed this action.

Travelers asserts the following defenses: (1) plaintiff's Complaint, in whole or in part, fails

to state a claim upon which relief can be granted; (2) plaintiff fails to plead her claims for violation

of the Colorado Consumer Protection Act and fraud with specificity as required by Colorado and

federal law; (3) Travelers acted in good faith in handling plaintiff's claim; (4) Travelers did not

make a material misrepresentation of fact to plaintiff; (5) plaintiff may have been comparatively

negligent or at fault, which bars or proportionately reduces plaintiff's recovery in this case, if any;

(6) plaintiff's damages may have been caused by acts or omissions of others over whom this

Defendant had no control nor right of control including plaintiff and/or others; (7) recovery by

plaintiff, if any, is limited to damages flowing solely from the conduct of defendant under C.R.S. §

13-21-111.5; (8) defendant reserves the right to designate non-parties under C.R.S. § 13-21-

111.5 (3)(b) and to assert the applicable substantive and procedural provisions of the Colorado

Uniform Contribution Among Tortfeasors Act, C.R.S.  § 13-50.5-102, et seq.; (9) plaintiff may

have failed to mitigate her damages, if any, as required by law; and (10) plaintiff's damages and

this Defendant's liability, if any, must be determined in accordance with C.R.S. §§ 13-21-

102.5(3)(a), (c), 13-21-111, 13-21-111.5, 13-21-111.6, 13-50.5-102 and all other applicable statutes.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Jurisdiction and venue are proper in this Court.

2.      Travelers had issued Policy # I-810-855H521-0-TCT-02 to G&G Paving Construction Company, plaintiff's former employer.

3.      Plaintiff and Meri Wilmot were involved in a car accident on July 31, 2002 at the intersection of First Street and Main Street in Grand Junction, Colorado.

4.      Plaintiff filed a lawsuit against Meri Wilmot in Mesa County District Court, Colorado.

5.      Ms. Wilmot denied that she was negligent on July 31, 2002, denied that she caused the accident, denied that caused Ms. Montoya's injuries damages or losses, and asserted a comparative negligence defense.

7.      Travelers agreed that plaintiff could settle her claims with Ms. Wilmot.

## 5.  COMPUTATION OF DAMAGES

Plaintiff seeks economic damages in the amount of $1,750,000.00 and non-economic damages in the amount of $250,000.00.  Additional, Plaintiff seeks treble damages for badfaith breach of insurance contract under the no-fault act.

Defendant does not seek damages at this time other than attorneys fees and costs to the extent allowed by law.

## 6.  REPORT OF PRE-CONFERENCE DISCOVERY & MEETING

### UNDER FED. R. CIV. P. 26(f)

**a.      Date of Rule 26(f) meeting:**

The Rule 26(f) meeting occurred on Thursday, October 12, 2006.

**b.      Names of each participant and party he/she represented.**

*For Plaintiff:*

Brian Murphy
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206

*For Defendant Travelers Indemnity Company of Connecticut:*

Jennifer C. Madsen
Kennedy Childs & Fogg, P.C.
1050 Seventeenth Street, Suite 2500
Denver, Colorado 80265

**c.      Proposed changes, if any, in timing on requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**d.      Statement as to when Rule 26(a)(1) disclosure were made or will be made.**

*Plaintiff:*        Plaintiff will serve her disclosures on October 18, 2006.

*Defendant:*        Travelers served its Rule 26(a)(1) disclosures on October 6, 2006.

**e.      Statement concerning any agreement to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.  If there is agreement to conduct joint interviews**

5

**with potential witnesses, list the names of such witnesses and a date and time for the interview which have been agreed to by the witness, all counsel, and all *pro se* parties.**

The parties have no agreement to conduct informal discovery.

**f.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosures or discovery will involve information or records maintained in electronic form.   In those cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery or electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.**

Plaintiff seeks to discovery electronic information from Travelers.  Travelers does not anticipate that its defenses will involve extensive electronically stored information or that discovery or disclosures will involve substantial records in electronic form.  Travelers will preserve electronically stored information, if any.

### 7.  CASE PLAN AND SCHEDULE

**a.      Deadline for Joinder of Parties and Amendment of Pleadings:**

December 15, 2006.

**b.      Discovery Cut-off:**

April 15, 2007.

**c.**     **Dispositive Motion Deadline**:

May 15, 2007.

**d.**     **Expert Witness Disclosure**

(1)     *State anticipated field of expert testimony, if any.*

*Plaintiff*:   The anticipated fields of expert testimony are an accident reconstructist; orthopedic surgeon; vocational counselor; and insurance/bad faith expert.

*Defendant*: The anticipated fields of expert testimony are an accident reconstructist; orthopedic surgeon; vocational counselor; and insurance/bad faith expert.

(2)     *State any limitations proposed on the use or number of expert witnesses.*

The parties propose a limit of six experts, which excludes treating providers.

(3)     *The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

Plaintiff shall disclose its expert witnesses by January 15, 2007 and Defendant shall disclose its expert witnesses by February 15, 2007.

(4)     *The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

February 28, 2007.

(5)     *Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.*

**e.**   **Deposition Schedule**

| Name of deponent | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Diana Montoya | winter 2006-2007 | | full day |
| Jarod Wilson | winter 2006-2007 | | |
| Fred Krettmeyer | winter 2006-2007 | | |
| Joy Ausborne | winter 2006-2007 | | |
| Corey Hamilton | winter 2006-2007 | | |
| representative for Travelers | winter 2006-2007 | | |
| Julie Bohlen | winter 2006-2007 | | |
| Rick Ausburger | winter 2006-2007 | | |

Defendant further informs counsel and the court that the depositions of Mr. Barish and/or Mr. Murphy may be necessary given that the conversations and correspondence between the parties and upon which the allegations of fraud, negligent misrepresentation, deceptive trade practices and bad faith are based occurred with counsel, not the plaintiff.  Accordingly, defendant brings this matter to the attention of counsel and the court at this time out of an abundance of caution.

**f.**   **Interrogatory Schedule**

All interrogatories will be submitted no later than March 1, 2007.

**g.**   **Schedule for Request for Production of Documents**

All request for production of documents will be submitted no later than March 1, 2007.

8

**h.** **Discovery Limitations:**

(1) *Any limits which any party wishes to propose on the number of depositions.*

The parties may take the depositions of each person listed in the deposition schedule above, of each disclosed expert, and five additional depositions.

(2) *Any limits which any party wishes to propose on the length of depositions.*

No deposition shall last more than seven hours.

(3) *Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.*

See paragraph **h.(1)** above. Written discovery shall be done pursuant to the Federal Rules of Civil Procedure.

(4) *Limitations which any party proposes on number of request for productions of documents and/or requests for admissions.*

The parties shall be permitted to propound 30 requests for production (including sub-parts) and 30 requests for admission (including sub-parts) on each opposing party. Parties shall submit motions for leave if they wish to exceed the number allowed.

**I.** **Other Planning or Discovery Orders**

Following the accident at issue, the plaintiff treated with certain health care providers for the injuries suffered in the accident. That care is part of the damages asserted in the underlying lawsuit and here. Plaintiff provided medical records releases to counsel for Ms. Wilmot in the underlying lawsuit and to Travelers allowing third parties to obtain the records of the treatment. Because the care and treatment by these providers relates to the cause and extent of the injuries

9

claimed in the underlying lawsuit and in this lawsuit, and because plaintiff has already executed releases to allow access to those records, plaintiff has expressly and impliedly waived any privileged.  Defendant shall be entitled to contact the following providers *ex parte* (as listed in Defendant's Rule 26(a)(1) disclosures):  Michael Rooks, M.D., William Lockwood, M.D., George Gromke, D.O., Bradley A. Baldwin, D.O., J.T. Leever, D.O., Sally Gaglione, M.D., Jack Yanaki, M.D., Gregg Riggert, D.C., Michael Reeder, D.O., Mitchell T. Copeland, D.O., Robert Kurtzman, D.O., Richard Moore, M.D., David J. Conyers, M.D., Wendy Filener, M.D., and Ben Elder, Jr., D.C. (who did not treat the plaintiff, but reviewed the records to evaluate the extent of reasonable and necessary medical care at the request of Concentra Integrated Services).  This will further reduce the costs of discovery by avoiding multiple depositions of these witnesses given that most will likely be called to provide expert opinions at trial.

## 8.  SETTLEMENT

Travelers attempted to discuss resolution with the plaintiff prior to suit, but those discussions failed.  Travelers remains willing to discuss resolution of plaintiff's claims.

## 9.  OTHER SCHEDULING ISSUES

**a.**      **A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.**

*Plaintiff*: None known

*Defendant*: None known.

**b.** **Anticipated length of trial and whether trial is to the court or jury.**

Trial of this matter is to a jury.  The parties anticipate that trial will likely take 5 days,

assuming that the plaintiff closes her case in chief no later than mid day on the third trial day.

## 10.  AMENDMENTS TO SCHEDULING ORDER

The parties may move to amend the Scheduling Order only upon a showing of good

cause.

DATED this 20th day of October, 2006.

BY THE COURT:

s/Richard P. Matsch

_____

United States District Court Judge

SCHEDULING ORDER REVIEWED BY:


*s/ Lee Berish*
_____
Lee Berish
Brian Murphy
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206
(303) 316-0813
Email:  lee@brianmurphey.net

*Attorneys for Plaintiff*

*s/ David B. Gelman*
_____
David B. Gelman
Jennifer C. Madsen
Kennedy Childs & Fogg,
P.C.1050 Seventeenth Street, #2500
Denver, Colorado 80265-2080
(303) 825-2700
Email:  dgelman@kcfpc.com
        jmadsen@kcfpc.com
*Attorneys for The Travelers Indemnity
Company of Connecticut*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2006, a true and correct copy of the

above and foregoing **PROPOSED SCHEDULING ORDER** was hand delivered to the

Honorable Richard P. Matsch's chambers, and served electronically or by mail to the following

individuals:


Brian A. Murphy, Esq.
Lee A. Berish, Esq.
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206


*s/ Veronica Holter*
_____
Veronica Holter, CLA

12