UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01735-RPM-MJW

DIANA MONTOYA,

Plaintiff,

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

Defendant.

_____

**MOTION TO STRIKE PLAINTIFF'S EXPERT JOHN SMITH, OR IN THE ALTERNATIVE, UNOPPOSED MOTION FOR EXTENSION OF EXPERT DISCLOSURE DEADLINES**

_____

Defendant The Travelers Indemnity Company of Connecticut (Travelers), through counsel David B. Gelman and Jennifer C. Madsen of Kennedy Childs & Fogg, P.C., moves to strike plaintiff's designation of accident reconstructionist John Smith, or in the alternative, moves for an extension of expert disclosure deadlines as follows:

**Certification Pursuant to D.C.Colo.L.R.Civ. 7.1.**

Defendants's counsel certifies that she conferred with plaintiff's counsel regarding the relief requested in this motion.  Plaintiff's counsel <u>opposes</u> the motion to strike plaintiff's expert John Smith, and as to the alternative relief, plaintiff's counsel <u>does not oppose</u> a two week extension of time for Travelers to disclose its experts provided the rebuttal expert deadline is extended to March 23, 2007.

1.	In this automobile accident case, the parties dispute which driver caused the accident.  Plaintiff has endorsed her expert witnesses under Fed. R. Civ. P. 26 – she endorses two

accident reconstructionists, Max Scott and John Smith.   Travelers moves to strike the endorsement of John Smith on the grounds that it is cumulative, it would likely mislead the jury, and it is unfairly prejudicial under Fed. R. Evid. 403.  Further, plaintiff's endorsement of two accident reconstructionists needlessly increases Travelers's costs in this litigation.  Alternatively, if this Court does not strike one of plaintiff's accident reconstructionists, Travelers moves for a two week extension of time to serve its expert disclosures.

## MOTION TO STRIKE PLAINTIFF'S ACCIDENT RECONSTRUCTIONIST

2. Both Max Scott and John Smith provide opinions as to the cause of the accident. Mr. Scott and Mr. Smith have the same opinions – that Ms. Wilmot, the underinsured driver, ran a red light.  As accident reconstruction Max Scott states:

> That driver Wilmot ran a red traffic signal, impacted the Montoya vehicle and as a result, driver Montoya sustained personal injuries.

*See Exhibit A*, Max Scott's Report ¶ 5.  John Smith states the same:

> The data indicates that Ms. Wilmot accelerated into the intersection against the red light in violation of the traffic codes.

*See Exhibit B*, John Smith's Report, p. 5, ¶ 6.  Furthermore, these accident reconstructionists have the same bases for their opinion.  Both accident reconstructionists rely on the same depositions, the same accident report, the same photographs, and all the same data.  The conclusions and the bases for the conclusions are the same – counsel for Defendant Travelers cannot identify an appreciable difference between the two reports.  Travelers requests that this Court exercise its discretion and strike one of plaintiff's accident reconstructionists, John Smith, on the grounds that testimony from two accident reconstructionists is needlessly cumulative and

unnecessarily increases Travelers's cost of litigation.  *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1168 (10th Cir. 2000) (holding that the decision to strike an expert witness is vested within the discretion of this Court).

       3.      Under Fed. R. Evid. 403, evidence may be excluded if it is a needless presentation of cumulative evidence.  Testimony by two accident reconstructionists that testify to the same conclusion is needless presentation of cumulative evidence.  Plaintiff has no need for two accident reconstructionists.  Presumably, plaintiff intends to present two accident reconstructionists in an attempt to give the appearance that her experts opinions are more credible.  Opinion testimony from two accident reconstructionists is a needless presentation of cumulative evidence that would likely mislead the jury and be unfairly prejudicial.

       4.      In anticipation of plaintiff's argument that this motion is premature because she has not yet presented evidence, Travelers contends that if it waits until trial to make this motion it will be forced to incur the unnecessary cost associated with plaintiff's endorsement of two expert witnesses.  Plaintiff's designation of two accident reconstructionists unnecessarily increases the cost of this litigation.  As stated above, plaintiff's accident reconstructionists do not offer different opinions and there is no justification for these two opinions.  *See* Exhibits A and B.  Nonetheless, because plaintiff has designated two accident reconstructionists, Travelers is forced to incur the discovery costs associated with expert disclosures.  Counsel for Travelers will need to take depositions of both experts, incurring both legal fees and the costs associated with depositions.  Plaintiff should only be permitted to designate one accident reconstructionist and her designation of two accident reconstructionists forces Travelers to incur unnecessary litigation expenses.

5.      For the reasons stated, Travelers request that this Court strike plaintiff's expert witness, John Smith.  A proposed order is attached.

## ALTERNATIVE MOTION FOR EXTENSION OF EXPERT DISCLOSURE DEADLINES

6.      Alternatively, if this Court does not strike one of plaintiff's accident reconstructionists, pursuant to Fed. R. Civ. P. 6(b), Travelers moves for a two-week extension of time to serve its expert disclosures under Fed. R. Civ. P. 26(a)(2).

7.      Pursuant to this Court's order dated January 10, 2007, Travelers's Expert Disclosures are due to plaintiff on February 21, 2007.  Travelers has requested to take the depositions of plaintiff's disclosed accident reconstructionists before Travelers's Expert Disclosures are due.  Counsel for Travelers has noticed the deposition of one of plaintiff's experts, Max Scott, for February 13 and has scheduled the deposition of the other accident reconstructionist, John Smith, for February 20.

8.      Travelers wants to provide these deposition transcripts to its expert before the expert prepares his report.  The deposition of John Smith is scheduled for February 20, one day before Travelers's Expert Disclosures must be served to plaintiff.  One day is not sufficient time for preparation of the deposition transcript and for Travelers's expert's review.  A two-week extension of time up to and including March 7, 2007 should be sufficient time to allow for preparation of the transcript and Travelers's expert's review of this information.

9.      Plaintiff's counsel does not oppose an extension of two weeks up to and including March 7, 2007 for Travelers to serve its expert disclosures provided that any rebuttal expert deadline is extended to March 23, 2007.

10. Counsel for Travelers serves a copy of this motion for extension on all parties and its client under D.C.Colo.L.R.Civ.6.1.D.

11. A proposed order is attached.

WHEREFORE, Defendant Travelers respectfully requests entry of an order striking plaintiff's accident reconstructionist, John Smith. Alternatively, defendant Travelers respectfully requests a two-week extension of time, on or before March 7, 2007, to serve its expert disclosures under Fed. R. Civ. Pro. 26 and extension of the rebuttal expert disclosure deadline to March 23, 2007.

Respectfully submitted this 2nd day of February, 2007.

KENNEDY CHILDS & FOGG, P.C.

*s/ Jennifer C. Madsen*
David B. Gelman, Esq.
Jennifer C. Madsen, Esq.
1050 Seventeenth Street, Suite 2500
Denver, Colorado 80265-2080
Office: (303) 825-2700
Email:  dbg@kcfpc.com
            jmadsen@kcfpc.com
*Attorneys for Defendant Travelers Indemnity Company of Connecticut*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2007, a true and correct copy of the above and foregoing **MOTION TO STRIKE PLAINTIFF'S EXPERT JOHN SMITH, OR IN THE ALTERNATIVE, UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE EXPERT DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brian A. Murphy, Esq.
Lee A. Berish, Esq.
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206
lee@brianmurphy.net
laberish@hotmail.com

I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants by U.S. Mail:

Eve N. Dodson, CPCU
Unit Manager-Travelers
6060 So. Willow Drive
Greenwood Village, CO 80111

Krista Horn-Watkins
St. Paul Travelers Claim Legal Services
P.O. Box 1787
Benicia, California 94510

*s/ Audra Serlet*
Audra Serlet