UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01735-RPM-MJW

DIANA MONTOYA,

Plaintiff,

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

Defendant.

_____

**MOTION FOR EXTENSION OF TRAVELERS' EXPERT DISCLOSURE
DEADLINE AND OTHER DEADLINES IN SCHEDULING ORDER
AND REQUEST FOR EXPEDITED RULING**
_____

Defendant The Travelers Indemnity Company of Connecticut (Travelers), through counsel David B. Gelman and Jennifer C. Madsen of Kennedy Childs & Fogg, P.C., moves for an extension of time to file its expert disclosures and for an extension of the other deadlines in the Scheduling Order:

**Certification Pursuant to D.C.Colo.L.R.Civ. 7.1.**

Defendants's counsel certifies that she conferred with plaintiff's counsel regarding the relief requested in this motion.  *See Exhibit A*.  Plaintiff's counsel <u>opposes</u> the requested relief.  *See Exhibit B.*

1.      In this automobile accident case, Travelers has requested to depose plaintiff regarding her testimony related to the automobile accident and her alleged damages. Undersigned counsel first requested available dates for plaintiff's deposition in November 2006.

Plaintiff's counsel responded that his first availability for a deposition of plaintiff was the week of January 15, 2007.  The reason for the delay was that plaintiff's counsel was out of town from December 15, 2006 through January 8, 2007 and then, plaintiff's counsel had a jury trial starting January 8, 2007.  Plaintiff's deposition was set for January 16, 2007.  Before this deposition, plaintiff's counsel requested that the deposition be rescheduled because plaintiff was concerned about the weather report and driving in the snow.  Travelers agreed to reschedule the deposition and set it for February 8, 2007.  It was set for this date because plaintiff was driving from Grand Junction, and in an effort accommodate plaintiff and ask that she drive to Denver only one time, the rescheduled date of the deposition needed to be coordinated with plaintiff's meetings with a physiatrist for an independent medical examination and with a vocational counselor (these meetings were scheduled for discovery on plaintiff's loss of income claim).

2.  On February 7, 2007, the day before the rescheduled deposition, plaintiff's counsel called undersigned counsel and asked if plaintiff's deposition could be rescheduled a second time.  Plaintiff's counsel reported that Ms. Montoya's grandfather had passed away earlier in the week and that the funeral was set for February 8th.  Plaintiff is to be a pallbearer at the funeral.  Travelers agreed to cancel this deposition.

3.  The next available date for plaintiff's deposition based on counsel for plaintiff's calendar and counsel for Travelers' calendar is March 15, 2007.  Travelers' counsel has depositions and deposition preparation meetings set for the majority of the month of February and the early part of March.  Plaintiff's counsel stated that he was available on Thursdays and Fridays in March.

4. Travelers has requested to take plaintiff's deposition since November 2006. Because of plaintiff's repeated delays, plaintiff's deposition is scheduled after the Travelers' expert disclosure deadline. Travelers' current expert disclosure deadline is February 21, 2007. Travelers needs to be able to provide plaintiff's deposition testimony to its accident reconstructionist expert. Had plaintiff made herself available when Travelers requested, Travelers would have been in a position to provide this information to its experts. However, solely because of plaintiff's delays and repeated cancellations, plaintiff's deposition is currently set for after Travelers' expert disclosure deadline. It seems that plaintiff has forced Travelers into this position.

5. Pursuant to Fed. R. Civ. P. 6(b), Travelers moves for an extension of time until March 30, 2007 to serve its expert disclosures under Fed. R. Civ. P. 26(a)(2). This extension of time would give Travelers' accident reconstructionist approximately two weeks to review plaintiff's deposition and incorporate it into his report. This was the same amount of time between the deposition scheduled on February 8 and the expert disclosure deadline February 21.

6. Plaintiff's reason for opposing this extension is that Travelers does not need the deposition because plaintiff was deposed in her case against the underinsured driver and because Travelers' claims adjuster took plaintiff's recorded statement. *See Exhibit B*. Travelers is entitled to take its own deposition of plaintiff and is entitled to provide this deposition to its expert witness. Travelers was not a party in the lawsuit that plaintiff filed against the underinsured driver. Travelers was not represented at this deposition and Travelers did not have an opportunity to ask plaintiff questions at this deposition. This deposition is not sufficient –

3

many areas of testimony were not explored in this deposition.   Travelers intends to ask additional and different questions of plaintiff.  Under the rules, Travelers is permitted to take plaintiff's deposition.   Fed. R. Civ. P. 30(a)(1).  Moreover, plaintiff's deposition in her case against the underinsured driver is not admissible against Travelers in this action.  *See* Fed. R. Civ. P. 32(a).

7. Plaintiff has not explained how she is prejudiced by this requested extension of time.  No trial is set, and Travelers agrees to extend all the other deadlines based on the extension for the expert disclosure deadline.  Clearly, plaintiff cannot show prejudice.

8. In a separate motion, Travelers had requested as alternative relief an extension of time until March 7, 2007 to serve its expert disclosures.  *See Motion to Strike Plaintiff's Expert John Smith, or in the Alternative, Unopposed Motion for Extension of Time to File Expert Disclosures*, dated 2/2/07.  Plaintiff did not oppose this extension.  *See id.*

9. Plaintiff seems to be playing games in this case – plaintiff does not explain why she opposes the additional extension from March 7 (which she agreed to) to March 30.  Counsel for Travelers diligently worked to set plaintiff's deposition before its expert disclosure deadline because its expert wanted this deposition for his report.  Now, because of plaintiff's numerous delays, Travelers is in a position of needing to request an extension of time for its expert disclosures.

10. Travelers requests an expedited ruling on this motion because its deadline for expert disclosures is February 21, 2007.

11. If this Court grants the requested relief, Travelers moves for an extension of the

other deadlines under the Scheduling Order as follows: April 13, 2007 for Rebuttal Expert Disclosures; May 15, 2007 for Discovery Deadline; and June 15, 2007 for Dispositive Motion Deadline.

12. Counsel for Travelers serves a copy of this motion for extension on all parties and its client under D.C.Colo.L.R.Civ.6.1.D.

13. A proposed order is attached.

WHEREFORE, Defendant Travelers respectfully requests that this Court enter an order to extend its expert disclosure deadline to March 30, 2007 and the other deadlines in the Scheduling Order as follows: April 13, 2007 for Rebuttal Expert Disclosures; May 15, 2007 for Discovery Deadline; and June 15, 2007 for Dispositive Motion Deadline.

Respectfully submitted this 8th day of February, 2007.

KENNEDY CHILDS & FOGG, P.C.

*s/ Jennifer C. Madsen*
David B. Gelman, Esq.
Jennifer C. Madsen, Esq.
1050 Seventeenth Street, Suite 2500
Denver, Colorado 80265-2080
Office: (303) 825-2700
Email: dbg@kcfpc.com
         jmadsen@kcfpc.com
*Attorneys for Defendant Travelers Indemnity Company of Connecticut*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2007, a true and correct copy of the above and foregoing **MOTION FOR EXTENSION OF TRAVELERS' EXPERT DISCLOSURE DEADLINE AND OTHER DEADLINES IN SCHEDULING ORDER AND REQUEST FOR EXPEDITED RULING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brian A. Murphy, Esq.
Lee A. Berish, Esq.
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206
lee@brianmurphy.net
laberish@hotmail.com

I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants by U.S. Mail:

Eve N. Dodson, CPCU
Unit Manager-Travelers
6060 So. Willow Drive
Greenwood Village, CO 80111

Krista Horn-Watkins
St. Paul Travelers Claim Legal Services
P.O. Box 1787
Benicia, California 94510

*s/ Audra Serlet*
Audra Serlet

6