UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01735-RPM-MJW

DIANA MONTOYA,

Plaintiff,

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

Defendant.

_____

**TRAVELERS'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE ONE OF PLAINTIFF'S EXPERT ACCIDENT RECONSTRUCTIONISTS**
_____

Defendant, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT (TRAVELERS), through counsel David B. Gelman and Jennifer C. Madsen of Kennedy Childs & Fogg, P.C., reply in support of its motion to strike plaintiff's designation of one of its accident reconstructionists as follows:

1.      Travelers moved to strike plaintiff's accident reconstruction experts because plaintiff has endorsed two experts in the same field, to testify to the same opinion.  Plaintiff endorsed two accident reconstructionists to testify regarding the cause of the accident.  Each of the experts holds the same opinion as to cause of the accident.  Furthermore, these experts base their opinions on the same evidence.  Both accident reconstructionists rely on the same depositions, the same accident report, the same photographs, and all of the same data.  The conclusions and the bases for the conclusions are the same.

2.      Travelers moves to strike the endorsement of one of the accident

reconstructionists on the grounds that the testimony from both experts would be needlessly cumulative and unnecessarily increase the cost of litigation as well as the length of trial.  *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1168 (10th Cir. 2000) (The decision to strike an expert witness is within the discretion of this Court).

      3.      Plaintiff argues that because the experts reviewed the same information does not make their testimony cumulative.  *Response*, ¶ 1.  In that limited respect, plaintiff is accurate.  Two experts from different fields of expertise testifying to different opinions would not be cumulative because those experts rely on the same evidence.  Here, the testimony is not only based on the same evidence, but is being elicited from experts in the same field of expertise, is offered on the same issue at trial and is identical in substance.  That makes the testimony unnecessarily cumulative.  In fact, Plaintiff recognizes that the evidence is cumulative in offering to instruct the jury that the number of witnesses is not relevant.  *Id.*

      4.      An instruction to the jury, however, does not solve the problem.  The testimony is cumulative.  Travelers demonstrated that the expert's conclusions and the bases for those conclusions were the same.  Plaintiff does not dispute these facts.   Plaintiff argues, apparently out of whole cloth, that the experts have a different approach to arriving at their opinions.  *Id.*  Plaintiff offers no explanation or evidence supporting the argument, nor do the summaries by the experts explain how the approaches are different.

      5.      Plaintiff explains that the reason she has two experts is because one of the experts, John Smith, is a Battalion Commander in the U.S. Army Corp of Engineers and may be called to active duty at the time of trial.  *Response*, ¶ 2.  Plaintiff argues that having two experts has the

value of preempting delay should Mr. Smith be called to active duty.  *Id.* at ¶ 4.  This argument is extraordinarily speculative in its basis and illogical in its conclusion.

6.   First, the suggestion that Mr. Smith might be called to duty is speculation.  No evidence is offered, no information is provided, and no data is available to make that conclusion.  There is no dispute that the armed services of the United States are presently engaged, yet Mr. Smith is not.  Suggesting that Mr. Smith might be called to service on an unknown date in the future (the trial of this matter is not yet set) is presumptuous.

7.   Should Mr. Smith be called to active duty at the time of trial, the appropriate alternative is to preserve his testimony for use at trial.  Alternatively, plaintiff could simply elect to proceed with Max Scott as her expert.

8.   Opinion testimony from two accident reconstructionists is a needless presentation of cumulative evidence that would likely mislead the jury and be unfairly prejudicial.   Plaintiff does not demonstrate otherwise.

9.   Allowing plaintiff to keep both of her accident reconstructionists will force Travelers to incur the discovery costs associated with those cumulative expert disclosures.  Counsel for Travelers will need to take depositions of both experts, incurring both legal fees and the costs associated with the depositions.  Travelers may also be forced to consider the possibility of disclosing two accident reconstruction experts in defense so as to insure that the playing field and presentation to the jury is balanced.  Accordingly, the increase in cost is geometrically, if not exponentially, cumulative for all parties.

10.   Plaintiff has not identified any justifiable reason supporting the designation of two

experts from the same field to testify to the same opinion based on the same evidence. Accordingly, Travelers requests that this Court enter an Order striking one of Plaintiff's accident reconstruction experts.

WHEREFORE, Defendant Travelers respectfully requests that this Court enter an order striking one of plaintiff's accident reconstruction experts, John Smith or Max Scott.

Respectfully submitted this 26th day of February, 2007.

                                              KENNEDY CHILDS & FOGG, P.C.

                                              *s/ Jennifer C. Madsen*
                                              David B. Gelman, Esq.
                                              Jennifer C. Madsen, Esq.
                                              1050 Seventeenth Street, Suite 2500
                                              Denver, Colorado 80265-2080
                                              Office: (303) 825-2700
                                              Email: dgelman@kcfpc.com
                                                          jmadsen@kcfpc.com
                                              *Attorneys for Defendant Travelers Indemnity Company of Connecticut*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2007, a true and correct copy of the above and foregoing **TRAVELERS'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE ONE OF PLAINTIFF'S EXPERT ACCIDENT RECONSTRUCTIONISTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brian A. Murphy, Esq.
Lee A. Berish, Esq.
Brian A. Murphy & Associates, LLC
1525 Josephine Street
Denver, Colorado 80206
lee@brianmurphy.net
laberish@hotmail.com

*s/ Audra Serlet*
Audra Serlet

5